UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CR05-5097 |
| v. ) | |
| ) | |
| LAGAFA-ATASI SUA, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

<u>Offense charged</u>:

Driving While License Suspended in the First Degree, in violation of 18 U.S.C. §§ 7 & 13, and R.C.W. 46.20.342.

<u>Date of Detention Hearing</u>: November 14, 2006.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)     The defendant initially appeared and was released on March 23, 2005. He failed to appear for his scheduled trial on May 16, 2005, and a bench warrant was issued for his arrest.

(2) The defendant was picked up from the Pierce County Jail to make his appearance in this case where he had been detained after being arrested on November 8, 2006, for driving while his license was suspended in the first degree, and for operating a vehicle without an ignition interlock device.

(3) On December 9, 2005, the defendant was granted a Deferred Prosecution in Thurston County. He was ordered to complete five years of probation with a condition that he not operate a motor vehicle without an ignition interlock device.

(4) The defendant has 11 prior failures to appear, not including his previous failure to appear in this case.

(5) The defendant has demonstrated an inability or substantial unwillingness to comply with terms of supervision. His prior record also indicates that he has substance abuse problems.

(6) There appear to be no conditions or combination of conditions other than detention that will assure the defendant's appearance at future Court hearings or that will address the risk of danger to the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 14th day of November, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge